IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ELVIS MOTA, #53342-054                                    PETITIONER

versus                              CIVIL ACTION NO. 5:12-cv-86-DCB-JMR

VANCE LAUGHLIN                                            RESPONDENT

<u>MEMORANDUM OPINION</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal.  On June 19, 2012, Petitioner Mota, a federal inmate currently incarcerated at the Adams County Correctional Center (ACCC), Natchez, Mississippi, filed this *pro se* Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.  Mota appears to challenge an arrest warrant issued by the State of New York based on a conviction for driving under the influence (DUI).  Upon liberal review of the Petition and subsequent pleadings, the Court has reached the following conclusions.

**I. Background**

Petitioner was convicted of conspiracy to distribute and possession of a controlled substance with intent to distribute in the United States District Court for the Southern District of New York.  *U.S. v. Mota*, No. 1:05-cr-1301 (S.D. N.Y. Jan. 30, 2007).  As a result, Petitioner was sentenced to serve 130 months in the custody of the Bureau of Prisons (BOP), followed by a 4 -year term of supervised release.  Petitioner's conviction and sentence was affirmed by the United States Court of Appeals for the Second Circuit.  *See U.S. v. Mota*, No. 07-0221 (2nd Cir. June 24, 2008).

**A.  Southern District of New York filings**

On April 22, 2009, Mota filed a *pro se* application for a writ of habeas corpus pursuant to

28 U.S.C. § 2241, which the sentencing court construed as a Motion to Vacate pursuant to 28 U.S.C. § 2255.  The Motion was dismissed by the Southern District of New York as time-barred.  *See Mota v. USA*, No. 1:09-cv-5189 (S.D.N.Y. Oct. 30, 2009).  On July 15, 2010, Mota filed another *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which the sentencing court deemed an unauthorized second or successive § 2255 Motion and transferred to the Second Circuit.  *See Mota v Laughlin*, No. 1:10-cv-6698 (S.D. N.Y. Sept. 9, 2010).  On January 25, 2011, the Second Circuit denied Mota permission to proceed with the second or successive petition.  *See Mota v. Laughlin*, No. 10-4317 (2nd Cir. Jan. 25, 2011).[1]

### B.  Southern District of Mississippi filings

On May 19, 2011, Mota filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in this Court.  *See Mota v. Laughlin*, No. 5:11-cv-79 (S.D.Miss. Oct. 21, 2011).  Mota asserted allegations he previously presented to the Southern District of New York and the Second Circuit, regarding his arrest, prosecution and conviction and he added claims regarding the validity of the immigration detainer lodged against him.  He also claimed that his constitutional right of access to the courts was violated by a mail conspiracy between two Assistant United States Attorneys and prison officials.  The Court concluded that Mota was challenging the validity of his conviction and sentence, that he failed to satisfy the requirements

---

[1]Mota also filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, § 1985, § 1986, and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging that various officials violated his federally protected rights when he was arrested, searched, subsequently prosecuted, and convicted.  The Southern District of New York dismissed Mota's claims, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii), Fed. R. Civ. P. 12(h)(3), and *Heck v. Humphrey*, 512 U.S. 477 (1994).  *See Mota v. DEA*, No. 1:10-cv-9543 (S.D. N.Y. May 3, 2011). In addition, Mota filed a case involving the same facts under the Federal Tort Claims Act, which was dismissed by the Southern District of New York pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  *See Mota v. USA*, No. 1:10-cv-9623 (S.D.N.Y. Feb. 23, 2011).

of the savings clause, that he was not in custody for purposes of the immigration detainer, that

his access to the Court claims had already been litigated and any recent conditions claims were

not properly pursued in a habeas petition.  *See Mota v. Laughlin*, No. 5:11-cv-79 (S.D.Miss. Oct.

21, 2011)(citing § 2255(e); *Pack v. Yusuff,* 218 F.3d 448, 454 (5th Cir. 2000);  *Solsona v.*

*Warden, F.C.I.*, 821 F.2d 1129, 1132 (5th Cir. 1987)).  Therefore, this Court determined that it

was without jurisdiction to consider the claims brought in the § 2241 case and dismissed the

action.[2]     **C.  Present Habeas Petition**

On June 19, 2012, Mota filed the habeas petition currently before the Court, which appears

to challenge an arrest warrant issued by the State of New York based on a conviction for driving

under the influence (DUI).  Mota claims that this warrant is "causing [his] overdetention" [sic].

Pet. [ECF No. 1] at 4.  As relief, he is requesting release "on his own recognizance from

custody."  *Id.*

Since Mota failed to provide any grounds for relief and additional information was needed,

the Court entered an Order [ECF No. 2] directing that he file, on or before August 1, 2012, an

amended petition to provide certain information regarding his claims. The Order directed Mota

to specifically state what grounds he is claiming entitle him to habeas relief.  The Order also

warned Mota that his failure to timely comply with the requirements of the Order would lead to

the dismissal of this case.  He did not comply with this Order.

---

[2]Mota also filed a *pro se* Complaint pursuant to the Privacy Act, 5  U.S.C. § 552a, in this Court.
*See Mota v. CCA*, No. 5:11-cv-92 (S.D.Miss. Jan. 27, 2012).  In this particular case, all of Mota's claims
were based on the premise that his criminal conviction and sentence are illegal and the only basis for his
custody by the BOP is an immigration detainer.  Therefore, his prison records are inaccurate in violation of
the Privacy Act.  The Court concluded that prison records reflecting Mota is a federal inmate convicted
of a federal offense currently serving a sentence of imprisonment that has not been overturned or
invalidated by any Court are accurate and Mota was not entitled to relief.

On August 16, 2012, an Order to Show Cause [ECF No. 3] was entered directing Mota to file a written response showing cause why this case should not be dismissed for his failure to comply with the Court's previous Order.  In addition, Mota was directed to file, on or before August 31, 2012, his amended petition as set forth in the previous Order.  The same warning was issued that appeared in the previous Order, namely that his failure to timely comply with the requirements of the Order would lead to the dismissal of this case.  After the deadline had clearly elapsed, on October 1, 2012, Mota filed a pleading [ECF No. 4] entitled "Amended Application For A Writ Of Habeas Corpus Pursuant To Title 28 U.S.C.A. § 2241", which failed to contain any of the information required by the Court's previous Orders.  Since he is proceeding *pro se*, he was provided one final opportunity to comply with the Court's Orders prior to the dismissal of this case.

On October 1, 2012, a Final Order to Show Cause [ECF No. 5] was entered.  Mota was directed to file a written response showing cause why this case should not be dismissed for his failure to comply with the Court's previous Orders.  In addition, Mota was directed to file, on or before October 16, 2012, his amended petition as set forth in the previous Orders.  The Final Order to Show Cause warned Mota that his failure to timely file an amended petition "containing the above listed information," which included what grounds he is claiming entitle him to habeas relief, would result in the dismissal of this case.

In response, Mota filed a pleading that was labeled Amended Application For a Writ Of Habeas Corpus [ECF No. 6].  Mota begins this pleading by claiming that he meets the "actual innocence prong of the savings clause test" which satisfies the requirements "that is cognizable on habeas petition filed after denial of § 2255 motion."  Am. Pet. [ECF No. 6] at 1.  This

4

pleading then details the history of his criminal case and subsequent appeals and habeas corpus cases.  There is a brief section of the pleading entitled "present habeas corpus" that provides minimal information about the warrant from New York.  Mota states that he pled guilty to driving under the influence of alcohol in the Criminal Court of New York County, on March 28, 2003.  According to Mota, a monetary fine was imposed by the Court but due to a clerical error the fine is deemed unpaid.  As a result, a bench warrant for his arrest was issued on August 27, 2003.

In the section of this pleading that Mota has labeled "grounds for relief" he briefly states that he is "imprisoned for conduct that is not prohibited by law and was never found guilty beyond a reasonable doubt of § 841 violations . . .".  *Id.* at 10.  As relief in this filing, Mota is requesting a writ of habeas corpus to "have and procure the body of Elvis Mota" before the Court so "that your Petitioner will be released and discharged from an unlawful imprisonment." *Id.*  at 11.

On November 26, 2012, Mota filed a Motion [ECF No. 7] in this case requesting a writ of mandamus to compel the BOP and Warden Laughlin to bring him before the Court so that "Petitioner may be restored to Petitioner's liberty."  Mot. [ECF No. 7] at 1.  In this Motion, Mota asserts the contention that he is unlawfully imprisoned and detained "by virtue of a commitment totally unknown by the Petitioner."  *Id.* at 2.  Mota argues that mandamus relief is appropriate because a DUI conviction in New York County "is not a criminal violation of laws, therefore should not be used for the unreasonably restraining of liberty without any sufficient legal cause therefor."  *Id* at 8.

## II.  Analysis

The majority of Mota's filings in this case relate to his federal conviction for conspiracy to distribute and possession of a controlled substance with intent to distribute.  As detailed above, the validity of this conviction and resulting sentence have been upheld by the federal courts at every avenue pursued by Mota.  The claims presented in this latest petition that continue to challenge the validity of Mota's federal conviction and current term of imprisonment are subject to the same fate.

The Court concludes, as it did in his previous habeas case, that Mota's repetitive claims warrant dismissal for failure to satisfy the requirements of the savings clause and for a lack of custody in regards to the immigration detainer.  *See* 28 U.S.C. § 2255(e); *Pack v. Yusuff,* 218 F.3d 448, 454 (5th Cir. 2000); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 (5th Cir. 1987).  The access to the Court claims were dismissed in the previous habeas petition because they had already been litigated, which obviously applies here, and once again, any recent conditions claims are not properly pursued in a habeas petition.  *See Mota v. Laughlin*, No. 5:11-cv-79 (S.D.Miss. Oct. 21, 2011); *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976) ("Simply stated, habeas is not available to review questions unrelated to the cause of detention.  Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose.")

The Fifth Circuit has made clear that "[s]ection 2241 is simply not available to prisoners as a means of challenging a result previously obtained from a court considering their petition for habeas relief."  *Kinder v. Purdy*, 222 F.3d 209, 214 (5th Cir.2000).  Regardless of how Mota couches his filings, he is, in part, seeking a result contrary to the result he previously obtained from either the Southern District of New York, the Second Circuit, or this Court.  Therefore, the

Court finds that to the extent this current request for habeas relief repeats Mota's previous habeas petitions it is an abuse of the writ. *See Davis v. Fetchel*, 150 F.3d 486, 490-91 (5th Cir. 1998)(finding third § 2241 petition constituted an abuse of the writ); *Falcetta v. U.S.,* 403 F. App'x 882, 883 (5th Cir. 2010)(finding to the extent inmate's § 2241 petition raises issues already decided it is an abuse of the writ); *Jennings v. Menifee*, 214 F. App'x 406, 407 (5th Cir. 2007)(affirming dismissal of federal inmate's repetitive § 2241 petition as an abuse of the writ). With that said, the Court is warning Mota that any future attempts of a similar nature will also be found to be an abuse of the writ and will likely lead to the imposition of sanctions, including but not limited to monetary fines or restrictions on his ability to file *pro se* actions in this Court.[3]

As for the arrest warrant issued by New York that is purportedly responsible for the unreasonable restraint on Mota's liberty or his "overdetention" [sic], he has failed to provide any grounds for relief in support of these claims.[4]  As detailed above, not only has Mota been provided ample opportunity to develop his claims regarding this warrant but he has been ordered, on more than one occasion, to assert how he claims he is entitled to habeas relief based on this arrest warrant.  According to Rule 2(c) of the Rules Governing Section 2254 Cases, a habeas petition "must:  (1) specify all the grounds for relief available to the petitioner;  (2)  state the facts supporting each ground . . .".[5]  Clearly, Mota has not complied with this requirement.

---

[3]Court records reflect that Mota filed a § 2241 petition in this Court on January 9, 2013, which has been assigned civil action number 5:13-cv-5.

[4]In 2007, Mota was sentenced to serve 130 months in the custody of the BOP.  Currently the BOP website reflects Mota's projected release date to be May 9, 2015.

[5]Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts renders the 2254 Rules also applicable to habeas petitions not covered under section 2254.  *See, e.g., Branch v. Dretke*, 134 F. App'x 749 (5th Cir. 2005)(applying habeas rules to § 2241 petition).

The Court surmises that Mota's failure is caused by the fact that he is truly seeking invalidation of his federal conviction and mention of the New York warrant is just another vehicle to present these repetitive arguments to the Court.  In any event, the record demonstrates that Mota has not complied with the Court's Orders and lesser sanctions than dismissal have proven futile. Therefore, to the extent this § 2241 case seeks relief based on the 2003 New York arrest warrant it is dismissed for failure to prosecute and failure to comply with the Orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure.  *See Martinez v. Johnson,* 104 F.3d 769, 772 (5th Cir. 1997)(affirming dismissal of habeas petition under Rule 41(b), finding "where there are procedural gaps in the habeas rules, the district courts have broad discretion to apply the Federal Rules of Civil Procedure");  *see also Rice v. Doe*, No. 08-20381, 2009 WL 46882, at *1 (5th Cir. Jan. 8, 2009)(affirming Rule 41(b) dismissal of prisoner's case for failure to "better identify the defendants" as directed by a court order).

## III.  Conclusion

The Court finds that to the extent this petition is repetitive to at least one of Mota's previous habeas cases, it is dismissed with prejudice as an abuse of the writ.  The Court also finds that to the extent this petition seeks relief based on the 2003 New York arrest warrant, it is dismissed without prejudice, for failure to prosecute and failure to comply with the Orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure.  Furthermore, Mota is not entitled to mandamus relief based on the claims presented in this case.  *See Dresser v. Ohio Hempery, Inc*., 122 F. App'x 749, 755 (5th Cir. 2004)(finding the party seeking mandamus relief bears a "heavy burden" of establishing its entitlement to such extraordinary relief).

As a final point, the Court will reiterate the sanction warning issued in Section II of this

Memorandum Opinion:

**The Court finds that to the extent this current request for habeas relief repeats Mota's previous habeas petitions it is an abuse of the writ.  The Court is warning Mota that any future attempts of a similar nature will be found to be an abuse of the writ and will likely lead to the imposition of sanctions, including but not limited to monetary fines or restrictions on his ability to file *pro se* actions in this Court.**

A Final Judgment in accordance with this Memorandum Opinion will be issued.

SO ORDERED, this the  5th  day of February, 2013.

 s/David Bramlette
UNITED STATES DISTRICT JUDGE